THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WILLIAM GREEN HOOD, ET AL**          *   CIVIL ACTION NO. 05-2053

**Versus**                              *   JUDGE JAMES

**GULF STATES PIPELINE CORPORATION**    *   MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the undersigned magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiffs (Doc. #9). After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper, and Plaintiffs' Motion to Remand is **DENIED.**

## STATEMENT OF FACTS

Plaintiffs filed this breach of contract action against Defendant on October 31, 2005, in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. Defendant removed the case to this court on November 30, 2005. Plaintiffs have filed the current Motion to Remand claiming that the amount in controversy does not exceed $75,000. Defendant opposes the motion.

On November 21, 2000, William Green Hood ("Hood"), individually, and Janie McCurry Farrar ("Farrar") and Jesse Mae McCurry ("McCurry"), jointly, entered into "Pipeline Right-of-Way, Easement and Servitude Agreements" ("Agreements") with Defendant for the purpose of

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

transporting and storing oil, gas, and other substances beneath Plaintiffs' property. Plaintiffs allege that Defendant's agent orally agreed that Defendant would pay the "maximum amount paid per right-of-way rod" by Defendant to any landowner along the same pipeline; Plaintiffs state they relied upon this statement when signing the Agreements. Plaintiffs were paid $57.00 per right-of-way rod; however, they allege that similarly situated landowners along the same pipeline were paid in excess of $57.00. Plaintiffs' petition seeks monetary damages of $74,900 for Hood and $74,900 for Farrar/McCurry. In the alternative, Plaintiffs seek a judgment dissolving the Agreements, enjoining Defendant from operating the pipeline across Plaintiffs' land, and requiring that the pipeline and all other equipment be removed.

In their Motion to Remand, Plaintiffs argue that the amount in controversy for each individual plaintiff's claim does not exceed the requisite jurisdictional amount of $75,000. Defendant opposes the motion arguing that Plaintiffs' damages claims were made in bad faith and that jurisdiction is proper in this Court.

## LAW AND ANALYSIS

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Plaintiffs argue that the Defendant cannot meet this burden because it is facially apparent that the claims are for less than $75,000.

Article 893 of the Louisiana Code of Civil Procedure provides the general rule that "no specific monetary amount of damages shall be included in the allegations or prayer for relief of

2

any original, amended or incidental demand." La. C.C.P. Art. 893. However, Article 893(A)(1) further provides an exception when a prayer for relief is made to show "the lack of jurisdiction of federal courts due to insufficiency of damages," and Article 893(B) specifically exempts suits on conventional obligations from the bar against pleading specific monetary amounts of damages. Plaintiffs contend that this exception applies to their case and admit that they intended to plead insufficiency of damages in order to deny federal court jurisdiction. Plaintiffs' petition seeks damages of $74,900 for each individual Plaintiff; therefore, Plaintiffs argue that the Motion to Remand should be granted.

Defendant argues that the Motion to Remand should be denied because the petition was written in bad faith. On September 22, 2004, Plaintiffs filed a petition against Defendant (" First Lawsuit"). As in the current lawsuit, Plaintiffs alleged in the First Lawsuit that they were paid $57.00 a rod by Defendant in return for a right of way. According to survey plats attached to the Agreements, the Hood right of way is 56.36 rods long and the Farrar/McCurry right of way is 54.46 rods long. The First Lawsuit also alleges that a promise was made to pay Plaintiffs the maximum amount paid to other land owners along the same pipeline. The First Lawsuit alleges that Defendant " paid other similarly situated landowners … in excess of $225.00 per rod" and that " [o]ne landowner … was paid $2,011.76 per right-of-way road (sic)." Applying the $2,011.76 per rod amount, and after subtracting the amount paid to Plaintiffs (at the $57.00 rate), Hood would allegedly be owed $110,170.27 and Farrar/McCurry would allegedly be owed $106,456.23. These were the amounts prayed for by Plaintiffs in the First Lawsuit. As in the current lawsuit, Defendant removed the First Lawsuit to this Court. However, after the First Lawsuit was removed, Plaintiffs filed a Motion to Dismiss Without Prejudice, which was granted on October 3, 2005.

The current lawsuit was filed in state court on October 31, 2005, less than a month after the First Lawsuit was dismissed by this Court. In the current lawsuit, the Plaintiffs have resurrected the allegations and claims for relief brought in the First Lawsuit except that they pray for $74,900 in damages without providing a calculation as to how that figure is derived. In addition, the current petition is silent as to how much other similarly situated landowners were paid; the current petition simply states that Defendant promised to pay them the maximum amount paid per right-of-way rod and that it " paid other similarly situated landowners … in excess of $57.00 per rod."

A remand inquiry does not end merely because the plaintiff alleges damages below the amount in controversy threshold. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995). The damages listed on the face of the plaintiff's complaint will not control if made in bad faith. *Id.* Bad faith will be found to exist if the plaintiff has manipulated the pleadings by praying for damages below the federal jurisdictional amount, but with knowledge that the action may be worth more than the diversity jurisdiction amount in controversy requirement. *De Aguilar* at 1410-12. The *De Aguilar* Court held that

> if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.

*Id.* at 1411. Article 862 of the Louisiana Code of Civil Procedure provides that a final judgment should grant a petitioner the relief to which he is entitled, even if he has not demanded such relief in his pleadings. *See Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 869 (5th Cir.2002). Defendant has shown that the amount in controversy exceeds the jurisdictional amount, as evidenced by the plaintiffs' own allegations in the First Lawsuit.

4

Plaintiffs have not shown that, as a matter of law, they will not be able to recover more than the $74,900 each that they prayed for in their petition. Plaintiffs argue that it would be improper for the Court to consider the First Lawsuit that was dismissed. However, Plaintiffs have cited no authority in support of this argument other than the general rule that in a Motion to Remand, the court looks to the petition and claims set forth at the time of removal. *Manguno v. Prudential Property & Casualty Insurance Company*, 276 F.3d. 720, 723 (5th Cir. 2002). However, as was pointed out by Defendant, the First Lawsuit is a record of this Court. This court may consider the factual allegations made in the first lawsuit in determining whether the damages claim in the second suit was made in bad faith. The second suit does not contradict those allegations; it merely deletes them. Determinations on jurisdictional amount are based not only on the pleadings, but also on the facts as they exist at the time of removal. In this case, the facts clearly support the Defendant's position that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

For the reasons stated above, this Court finds that Plaintiffs' current Petition for Damages was written in bad faith and that Defendant has met its burden of proving that the amount in controversy exceeds the jurisdictional amount; therefore jurisdiction is proper and Plaintiffs' Motion to Remand (Doc. #9) must be **DENIED.**

**THUS DONE AND SIGNED** this 2nd day of March, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE